**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
**PHILADELPHIA DIVISION**

| | |
|---|---|
| In Re:<br>    MICHAEL S RASKAY<br>    DENISE E RASKAY<br>        Debtor(s)<br>WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR BCAT 2018-20TT<br>        Movant<br>v.<br>MICHAEL S RASKAY<br>DENISE E RASKAY<br>        Debtor(s)<br>KENNETH E. WEST<br>        Trustee<br>        Respondent(s) | Chapter 13<br><br>Case Number: 22-10268-mdc |

**MOTION FOR RELIEF FROM AUTOMATIC STAY WITH RESPECT TO PROPERTY: 409 EVANS AVENUE, WILLOW GROVE, PA 19090**

    Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as trustee for BCAT 2018-20TT, through its Counsel, Stern & Eisenberg PC, respectfully requests the Court grant its Motion for Relief and in support thereof respectfully represents as follows:

1. Movant is Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as trustee for BCAT 2018-20TT (hereafter referred to as "Movant").

2. Debtor(s), Denise E Raskay and Michael S Raskay (hereinafter, "Debtor(s)"), is/are, upon information and belief, adult individual(s) whose last-known address is 409 Evans Avenue, Willow Grove, PA 19090.

3. On January 26, 2006, Denise E. Raskay and Michael S. Raskay, executed and delivered a Note in the principal sum of $200,000.00 to American General Consumer Discount Company. A copy of the Note is attached as Exhibit "A" and is hereby incorporated by reference.

4. As security for the repayment of the Note, Denise E. Raskay and Michael S. Raskay, executed and delivered a Mortgage to American General Consumer Discount Company. The Mortgage was duly recorded in the Office of the Recorder of Deeds in and for Montgomery County on February 22, 2006 in Book 11729, Page 1915. A copy of the Mortgage is attached as Exhibit "B" and is hereby incorporated by reference.

5. The Mortgage encumbers Debtor's real property located at 409 Evans Avenue, Willow Grove, PA 19090.

6. By assignment of mortgage, the loan was ultimately assigned to Wilmington Savings Fund

    Society, FSB, not in its individual capacity but solely as trustee for BCAT 2018-20TT. A true and correct copy of the assignment is attached as Exhibit "C" and is hereby incorporated by reference.

7. Debtor(s) filed the instant Chapter 13 Bankruptcy on February 7, 2022, and as a result, any state court proceedings were stayed.

8. It is believed and therefore averred that Debtor(s) filed the instant bankruptcy as an additional delay in order to prevent Movant from proceeding with the state court proceedings or otherwise institute proceedings as allowed under the Mortgage.

9. Debtor's mortgage loan is in default and is currently due for the March 1, 2022, payment and each subsequent payment through the date of the motion. Debtor(s) has/have failed to make the following post-petition payments to Movant:

**POST-PETITION PAYMENTS IN DEFAULT**

| | |
|---|---|
| Monthly Payments in Default........................ | 03/01/2022 to 05/01/2022 |
| Monthly payments ($1,626.11 x 3) | $4,878.33 |
| Suspense Balance: ........................ | ($620.00) |
| Total Amounts Due as of May 5, 2022: | $4,258.33 |

10. In addition, Movant has incurred counsel fees and costs in association with Debtor's default and this motion.

11. As a result of the Debtor's default and failure to make payments or to otherwise adequately provide for Movant in the bankruptcy filing, Movant is not adequately protected and is entitled to relief.

12. Further, the Debtor's Schedule D indicates a valuation of the property in the amount of $243,879.00, with Movant's first lien against the property in the amount of $261,164.95. Accordingly, there is no equity in the Property and the property is not necessary for an effective reorganization. A copy of the Debtor's Schedule D is attached as Exhibit "D" and incorporated herein by reference.

13. To the extent the Court does not find that relief is appropriate, then Movant requests that the stay be conditioned such that in the event the Debtor(s) fall(s) behind on post-petition payments or trustee payments that Movant may receive relief upon default by the Debtor(s) of the terms of the conditional order.

14. Movant requests that the stay of Bankruptcy Rule 4001(a)(3) be waived.

WHEREFORE, Movant, Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as trustee for BCAT 2018-20TT, respectfully requests this Court to grant the appropriate relief under 11 U.S.C. §362 from the automatic stay as set forth in the proposed order together with waiver of Bankruptcy Rule 4001(a)(3).

Respectfully Submitted:

Stern & Eisenberg, PC

*By: /s/ Daniel P. Jones*
Daniel P. Jones
1581 Main Street, Suite 200
The Shops at Valley Square
Warrington, PA 18976
Phone: (215) 572-8111
Fax: (215) 572-5025
Bar Number: 321876
Email: djones@sterneisenberg.com

Date: May 6, 2022